FRANCISCO DEL MORAL Y NADAL, Petitioner, *v.* DISTRICT COURT OF MAYAGÜEZ, Respondent.

No. 745. Argued January 12, 1931.—Decided January 21, 1931.

*José Sabater* for petitioner. *Alfredo Arnaldo* for the appointed guardian.

Mr. Justice Texidor delivered the opinion of the Court.

In this case it appears that Carmen Nadal, widow of Del Moral, became incapacitated in consequence of an illness; that her parents are dead and she has four legitimate children named María del Carmen, Francisco, Micaela and Damián del Moral y Nadal, María del Carmen being the eldest; that Francisco del Moral y Nadal was appointed guardian of such incapacitated person and his appointment was revoked for failure to comply with the legal requirements in making the same; that María del Carmen del Moral petitioned the District Court of Mayagüez to be appointed guardian of her mother; that Francisco objected to this on the ground that the petitioner, though she is the eldest child of the incapacitated person, is disqualified to be her guardian as she has a suit pending with her, in which said incapacitated person has prayed for a decree directing María del Carmen del Moral to return the sum of $29,064.70 and that said sum be brought into collation at the proper time for the computation of the legal shares, which suit has been opposed by the defendant; and, further, that María del Carmen del Moral is not mentally fit, nor sufficiently educated to discharge the duties of that office.

The court heard the parties and the evidence introduced by them. It refused to admit evidence as to any lack of preparation or education on the part of María del Carmen and finally ordered her appointment as guardian of the

incapacitated person. To review that order, the present certiorari proceeding has been instituted.

We have the return before us and also, as an important element for our decision, the record in civil case No. 14997 of the District Court of Mayagüez, prosecuted by Carmen Nadal against María del Carmen del Moral et al., for acknowledgment of advancements subject to collation. The complaint in that case alleges that María del Carmen del Moral has received from her mother, the plaintiff therein, several sums amounting to $29,064.70, which she has failed to return; that the plaintiff executed a will in which she designated the defendant as one of her heirs but did not provide against the making of any collation, and on the above facts she prayed the court for a judgment declaring the said amount to be an advancement on account of the inheritance and that the same must be brought into collation for a computation of the legal shares. A demurrer was interposed to said complaint.

The greater or lesser preparation, the technical ability to act as guardian are not elements, the absence of which has been taken into account by the Civil Code in prescribing the disabilities or disqualifications to be guardian. Section 265 of the cited Code does not contain any pronouncement in that sense, nor is there any similar provision in Chapter V, Title X, Book First of said Code. Hence the District Court of Mayagüez acted properly in reducing the issue so that the opposition might at least have the semblance of a debatable basis in law. Courts of justice are not bound to hear arbitrary or whimsical petitions.

As regards the pendency of a suit it is clear that the court did not commit any error. Subdivision 8 of section 265 of the Civil Code of Puerto Rico reads as follows:

"Sec. 265. The following cannot be tutors:

". . . . . .

"8.—Those in litigation or who have litigated with the minor over the ownership of his property, unless the father, or in a proper

case the mother, knowing thereof, shall have, nevertheless, named them tutors in their wills."

It is quite evident that the alleged litigation is not over the ownership of the property of the minor or incapacitated person.

The circumstance that the suit in question may come on appeal before this court relieves us from considering now or advancing any opinion on the merits of such litigation. It suffices for us to be convinced that said litigation is not within the purview of subdivision 8 of section 265 of the Civil Code.

The writt must be discharged.